J-S12034-17

2017 PA Super 83

| | | |
|---|---|---|
| IN THE INTEREST OF: K.S., a Minor | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.L.W. | : | No. 1491 MDA 2016 |

Appeal from the Order dated August 12, 2016
in the Court of Common Pleas of Northumberland County,
Juvenile Division, No(s): CP-49-DP-0000056-2016

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                          **FILED MARCH 29, 2017**

A.L.W. ("Mother") appeals from the Order of Adjudication and Disposition – Child Dependent ("Dependency Order") relating to her minor son, K.S. ("Child"), born in April 2001, pursuant to 42 Pa.C.S.A. § 6302. We vacate the Dependency Order, and remand for a new adjudicatory hearing.

Northumberland County Children and Youth Services ("the Agency") first became involved with the family in 2009. Since that time, the Agency received eight additional referrals, raising concerns about housing, lack of supervision of Child, and parents' drug and alcohol abuse.

In October 2015, Child began living with his step-grandfather ("Custodian"), who was granted custody of Child in December 2015. In July 2016, Custodian indicated to the Agency that, as a result of a physical confrontation between them, Child could no longer live with him. Child thereafter resided with his maternal great-grandmother, who subsequently

indicated that Child could no longer live with her, due to housing issues and Child's behavior. Child also stayed with a friend's family before being temporarily placed with his paternal great-aunt.

On August 9, 2016, the Agency filed a shelter care Application, and requested the temporary placement of Child in Agency's custody. The trial court entered an Order the same day, granting the Agency's request for temporary placement and scheduling a shelter care hearing. The trial court conducted a shelter care hearing on August 12, 2016.[1]

At the time of the hearing, Child's father ("Father") was serving a sentence in a state correctional institution. However, Father waived his right to counsel, and participated in the hearing via telephone.

Additionally, Mother was serving time in Snyder County Prison as a Northumberland County prisoner, following her arrest for various drug charges (including, *inter alia*, manufacturing methamphetamine in her home). Mother did not attend the shelter care hearing, either in person or via telephone.[2] Mother's interests were represented by Marc Lieberman, Esquire ("Attorney Lieberman"), in his capacity as Northumberland County dependency court counsel.

---

[1] At the hearing, Child was represented by a guardian *ad litem*.

[2] The trial court noted that "the policy of the County housing … [M]other did not allow for telephonic []or video participation by … [M]other, at the time set for the [s]helter [c]are hearing." Trial Court Opinion, 10/14/16, at 2 (unnumbered).

During the shelter care hearing, Attorney Lieberman requested a continuance, due to Snyder County Prison's refusal to allow Mother to participate in the hearing, and because Attorney Lieberman did not have time to file a motion for a transport order. The Agency opposed the request, because, "as [Mother] is incarcerated and [Father] is incarcerated[,] neither would be an option today." N.T., 8/12/16, at 5. The trial court denied Attorney Lieberman's request for a continuance.

Pamela Bowman ("Bowman"), an Agency caseworker, testified regarding the family's history with the Agency. The Agency thereafter asked the trial court to proceed with the adjudicatory hearing.[3] Attorney Lieberman objected to proceeding with the adjudicatory hearing, as Mother was not available to participate in the proceedings. The trial court overruled Attorney Lieberman's objection, and granted the Agency's request to adjudicate Child dependent.

Bowman subsequently provided recommendations for Child's permanency plan. The trial court adopted the Agency's report and recommendations at the conclusion of the hearing. The same day, the trial court issued a Shelter Care Order, granting physical and legal custody of child to the Agency, as well as the Dependency Order.

Mother filed a timely Notice of Appeal and a Concise Statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i). The

---

[3] The Agency filed a Dependency Petition on the day of the shelter care hearing, asserting that Child was without proper care or control.

trial court subsequently ordered Mother to file a Pa.R.A.P. 1925(b) concise statement. Mother filed a second Concise Statement on September 29, 2016.

On appeal, Mother raises the following questions for our review:

I. Whether the trial court erred in [] denying Mother[']s right to participat[e] in the adjudication hearing and suspending [] Mother's parental rights[,] without [] Mother being permitted due process of law?

II. Whether the trial court erred in determining that the best interests of [C]hild would be served by denying Mother minimal due process?

Mother's Brief at 10.

We apply the following standard of review in dependency cases:

We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the [trial] court's fact-finding function because the [trial] court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In re C.M.T.*, 861 A.2d 348, 351 (Pa. Super. 2004) (citation and brackets omitted).

Section 6302 of the Juvenile Act defines a dependent child, in relevant part, as one who

is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's, or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S.A. § 6302. "The question of whether a child is lacking proper parental care and control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper care or control, and if so, whether such care and control are immediately available." *In re D.A.*, 801 A.2d 614, 619 (Pa. Super. 2002). The trial court must make a "comprehensive inquiry" with regard to these two questions, and the petition must present evidence of a clear and convincing nature. *See In re R.W.J.*, 826 A.2d 10, 14 (Pa. Super. 2003).

In her first claim, Mother asserts that the trial court violated her right to due process by denying her the opportunity to participate in the adjudicatory hearing.[4] Mother's Brief at 12. Mother argues that "the [A]gency should not have requested an immediate adjudication and the [trial] court … should not have held the adjudication hearing without affording [Attorney Lieberman] an opportunity to request a transportation

_____

[4] Although Mother's first claim is not stated verbatim in either of her Concise Statements, her second Concise Statement includes the same broad argument, *i.e.*, that the trial court erred by immediately proceeding to adjudication, without providing her proper notice. Therefore, we will address her claim.

- 5 -

order from the Snyder County Prison[.]" *Id.* at 13. Mother also claims that other arrangements could have been made to secure her participation via telephone. *Id.* at 14. Additionally, Mother asserts that there were no exigent circumstances requiring an immediate adjudication. *Id.* at 14-15, 18.

Mother's claim challenges the notice and service requirements afforded by the Pennsylvania Rules of Juvenile Court Procedure. Rule 1331 provides that "[u]pon the filing of a [dependency] petition, a copy of the petition shall be served promptly upon the child, the child's guardian, the child's attorney, the guardian's attorney, the attorney for the county agency, and the county agency." Pa.R.J.C.P. 1331. Additionally, if the parent is not the child's guardian, the parent must also receive service of the dependency petition. *Id.*, cmt.

Rule 1361 provides the following regarding the provision of notice of an adjudicatory hearing:

**Rule 1361. Adjudicatory Notice**

The court shall give notice of the adjudicatory hearing to:

(1) the attorney for the county agency;

(2) the child's attorney;

(3) the guardian's attorney;

(4) the parents, child's foster parent, preadoptive parent, or relative providing care for the child;

(5) the county agency;

(6) the court appointed special advocate, if assigned; and

(7) any other persons as directed by the court.

Pa.R.J.C.P. 1361.

Rule 1360 directs that the court "shall issue a summons compelling all parties to appear for the adjudicatory hearing."  Pa.R.J.C.P. 1360; **see also** 42 Pa.C.S.A. § 6335.  The requirements for the summons, in relevant part, are as follows:

**Rule 1360.  Adjudicatory Summons**

* * *

**(C) Requirements.**  The summons shall:

(1) be in writing;

(2) set forth the date, time, and place of the adjudicatory hearing;

(3) instruct the child and the guardian about their rights to counsel, and if the child's guardian is without financial resources or otherwise unable to employ counsel, the right to assigned counsel;

(4) give the warning stating that the failure to appear for the hearing may result in arrest; and

(5) include a copy of the petition unless the petition has been previously served.

Pa.R.J.C.P. 1360(C).  "The summons shall be served[] (1) in-person; or (2) by certified mail, return receipt and first-class mail[,]" and the serving party must file an affidavit of service.  Pa.R.J.C.P. 1363(A), (C).  If the serving party does not file an affidavit of service, then "the serving party shall advise

the court of what efforts were made to notify a person. The court may proceed to a hearing upon a showing of reasonable efforts to locate and notify all persons pursuant to Rule 1360." Pa.R.J.C.P. 1363(D).

Moreover, prior to commencing the adjudicatory hearing, the trial court is required to ascertain whether the notice requirements of Rules 1360 and 1361 were met. *See* Pa.R.J.C.P. 1406(A)(1)(a).

Our review of the record reveals that the Agency and the trial court failed to adhere to the above requirements. Here, the dependency Petition was filed on August 12, 2016 (the day of the shelter care hearing), and appears in the record *after* the entry of the Shelter Care Order. Even the most generous reading of the record suggests that the dependency Petition was not filed until immediately prior to the shelter care hearing; accordingly, Mother could not have received service of the Petition pursuant to Rule 1331.

Further, on August 12, 2016, the trial court entered an Order scheduling the adjudicatory hearing for the same date and time as the shelter care hearing. Although a Notice of hearing appears in the record, it was entered the same day as the hearing, and could not have been provided to Mother prior to the hearing. *See* Pa.R.J.C.P. 1361.

The record contains a Summons fulfilling the requirements of Rule 1360. However, the Summons is not accompanied by the requisite affidavit of service, and nothing in the record suggests that Mother was served either

in-person or by certified mail. *See* Pa.R.J.C.P. 1363(A), (C). The record is also devoid of any discussion regarding whether reasonable efforts were made to notify Mother. *See* Pa.R.J.C.P. 1363(E). Indeed, based upon Snyder County Prison's inability to facilitate Mother's telephonic participation in the shelter care hearing, Mother could not have been notified of the decision to proceed with adjudication during the shelter care hearing.

Finally, the trial court did not ascertain whether the requirements of Rules 1360 and 1361 had been met prior to commencing the adjudicatory hearing. *See* Pa.R.J.C.P. 1406(A)(1)(a).[5]

Based upon the foregoing, we conclude that the trial court abused its discretion in holding the adjudicatory hearing despite the Agency's failure to strictly adhere to the notice and service provisions of the Pennsylvania Rules

---

[5] Regarding Mother's inability to participate in the hearing due to the Snyder County Prison's policy, the trial court states that it is "forced to accept the rules and procedures established by [] other counties over which [it] has no control." Trial Court Opinion, 10/14/16, at 2 (unnumbered). The trial court also states that it chose to proceed with the adjudicatory hearing due to the exigent circumstances of the case (*i.e.*, the history of the family with the Agency, the confinement of both parents, and the acting out behaviors of Child). *See id.* at 3. We disagree that the circumstances of this case were so dire as to warrant the trial court's decision to dispense with these procedural rules, and immediately proceed with the adjudicatory hearing, without first affording Mother proper notice.

of Juvenile Court Procedure and the Juvenile Act.[6] Accordingly, we vacate the Dependency Order, and remand the case for a new adjudicatory hearing in which Mother can participate. We emphasize that, when making a dependency determination, the trial court is to make a comprehensive inquiry into whether Child is without proper care or control, and if so, whether such care and control are immediately available.

Order vacated. Case remanded for a new adjudicatory hearing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

---

[6] In her second claim, Mother argues that the trial court erred in determining that the best interests of Child would be served by denying Mother due process. Mother's Brief at 19-22. Based on our disposition of the case, we need not address Mother's second claim. Moreover, Mother failed to raise this claim in either of her Concise Statements. **See** Pa.R.A.P. 1925(b)(5)(vii) (stating that "[i]ssues not included in the Statement … are waived."); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (stating that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").