2018 PA Super 316

| | | |
|---|---|---|
| IN THE INTEREST OF: K.P., A MINOR | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.P. | : | No. 987 MDA 2018 |

Appeal from the Order Entered May 18, 2018
In the Court of Common Pleas of Northumberland County
Juvenile Division at No: CP-49-DP-0000192-2006

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

OPINION BY STABILE, J.:                    **FILED NOVEMBER 27, 2018**

M.P. ("Mother") appeals from the order entered May 18, 2018, which adjudicated dependent her minor daughter, K.P. ("Child"), born in January 2003.[1]  After review, we vacate and remand for further proceedings.

We summarize the relevant factual and procedural history of this matter as follows.  Northumberland County Children and Youth Services ("CYS") first became involved with Child several months after her birth.  She has been in and out of foster care numerous times and adjudicated dependent on two prior occasions.  Most recently, CYS obtained protective custody of Child on May 8, 2018.  CYS filed an application for shelter care later that day, raising concerns regarding Child's attempts to skip school and run away from home.  CYS further averred that Child attempted to commit suicide in April 2018 and that Father was now saying that he could not manage her behaviors.  CYS averred

---

[1] Child's father, W.P., Jr. ("Father"), did not appeal the order.

that Mother was not an appropriate caregiver for Child because of her past failure to comply with services.[2]  CYS filed an amended shelter care application on May 9, 2018, which the trial court granted on May 11, 2018.  CYS filed a dependency petition on the same day, containing averments substantively identical to those in the shelter care applications.  CYS filed an amended dependency petition on May 15, 2018.

The trial court held a hearing on May 18, 2018, at which Mother failed to appear.  However, Mother's counsel, Marc Lieberman, Esquire, was present. The hearing began with testimony from CYS caseworker, Melissa Eisenhour,[3] concerning CYS's efforts to serve Mother with notice.  Ms. Eisenhour testified that she was in contact with Mother the day before the hearing via Facebook Messenger, because Mother does not have a phone.  N.T., 5/18/18, at 4.  She testified that she sent Mother a message reminding her that there would be a hearing the next day.  Mother responded with "a lengthy message that . . . she is looking for a ride but couldn't find one."  *Id.* at 5.  Ms. Eisenhour reported that she offered to transport Mother to the hearing but that Mother "said that she was concerned because she had already told her father and her boyfriend that she was going to help with something today.  He was in ill-health.  So I wasn't sure what time I could get her back, so she wasn't willing to come in."  *Id.*

_____

[2] Child was living with Father at the time.  Mother lived separately.

[3] In the transcript, Ms. Eisenhour's name is spelled "Eisenhower."  It is spelled "Eisenhour" in court orders and in a certificate of service that she signed.

On cross-examination by Attorney Lieberman, Ms. Eisenhour testified that she did not know whether Mother received notice of the hearing through the mail. She stated, "I didn't send it to her certified mail. I do not know if the paralegals did." *Id.* at 6. Following this testimony, Attorney Lieberman objected that he did not believe CYS served Mother properly and requested a continuance. *Id.* at 6-9, 13. The court disagreed, concluding that notifying Mother of the hearing via Facebook Messenger was sufficient, and denied Attorney Lieberman's request. *Id.* at 7, 15.

At the conclusion of the hearing, the trial court announced its intention to adjudicate Child dependent. The court entered an order of adjudication and disposition that same day. Mother timely filed a notice of appeal on June 13, 2018, along with a concise statement of errors complained of on appeal. Despite the fact that Mother had already filed a concise statement with her notice of appeal, the court entered an order on June 19, 2018, directing counsel to file a concise statement within twenty-one days. Mother timely complied by filing an additional concise statement on July 6, 2018.

Mother now raises the following issues for our review.

I. Whether the trial court erred by eliminating the mother's right to legal notice of the adjudication hearing and suspending the mother's parental rights, without the mother being permitted due process of law?

II. Whether the trial court erred in determining that the best interests of the child would be served by denying Mother minimal due process?

- 3 -

III. Whether the trial court erred in accepting that some form of Facebook Twittering [*sic*] or texting constituted proper mode of service of process in this case?

Mother's Brief at 12 (unnecessary capitalization and trial court answers omitted).

Mother presents three interrelated claims for our review, which we will address together. Mother's claims present questions of law requiring us to interpret the notice requirements of the Juvenile Act and our Rules of Juvenile Court Procedure. Thus, our standard of review is *de novo* and our scope of review is plenary. **In the Interest of J.M.**, 166 A.3d 408, 416 (Pa. Super. 2017), *reargument denied* (Aug. 3, 2017).

Mother argues that CYS did not provide her with sufficient notice of the hearing in violation of her right to due process and contrary to Child's best interests. Mother's Brief at 14-26. She stresses that CYS attempted to notify her of the hearing by sending her a message on Facebook only. **Id.** at 18. Mother complains that CYS did not enter a copy of the message into evidence and that it is not clear what CYS said or whether they were really talking to her at all. **Id.** at 19. She directs our attention to the provisions of the Rules of Juvenile Court Procedure relating to notice of dependency proceedings. **Id.** at 26-27.

The Rules of Juvenile Court Procedure set forth the requirements for service of a dependency petition as follows.

**Rule 1331. Service of Petition**

**A. Copy.** Upon the filing of a petition, a copy of the petition shall be served promptly upon the child, the child's guardian, the child's

attorney, the guardian's attorney, the attorney for the county agency, and the county agency.

**B. Method of Service.**

(1) *Child and guardian*. The petition shall be served upon the child and all of the child's guardians by:

> (a) certified mail, return receipt requested and first-class mail; or
>
> (b) delivery in-person.

(2) *Attorneys and the county agency*. The petition shall be served upon the attorneys and county agency by:

> (a) first-class mail;
>
> (b) delivery in-person; or
>
> (c) another agreed upon alternative method.

**C. Proof of service.** An affidavit of service shall be filed prior to the adjudicatory hearing.

Pa.R.J.C.P. 1331.[4]

With respect to dependency hearings, the Juvenile Act requires that the trial court issue "a summons to the parents . . . requiring them to appear before the court at the time fixed to answer the allegations of the petition."

---

[4] The Rules define guardian as "any parent, custodian, or other person who has legal custody of a child, or person designated by the court to be a temporary guardian for purposes of a proceeding." Pa.R.J.C.P. 1120. Importantly, the comment to Rule 1331 provides that a child's parent must receive a copy of the petition even if he or she "is not the child's custodial guardian[.]" Pa.R.J.C.P. 1331, Comment.

42 Pa.C.S.A. § 6335(a). Similarly, the Rules require that the court must issue a summons to all parties.[5]

> **Rule 1360. Adjudicatory Summons**
>
> **A. Summons.** The court shall issue a summons compelling all parties to appear for the adjudicatory hearing.
>
> **B. Order appearance.** The court may order the person having the physical custody or control of the child to bring the child to the hearing.
>
> **C. Requirements.** The summons shall:
>
> (1) be in writing;
>
> (2) set forth the date, time, and place of the adjudicatory hearing;
>
> (3) instruct the child and the guardian about their rights to counsel, and if the child's guardian is without financial resources or otherwise unable to employ counsel, the right to assigned counsel;
>
> (4) give a warning stating that the failure to appear for the hearing may result in arrest; and
>
> (5) include a copy of the petition unless the petition has been previously served.

Pa.R.J.C.P. 1360.

The Rules set forth specific requirements for service of the summons as follows.

---

[5] Indisputably, Mother is a party to this dependency proceeding. ***See In re L.C.***, ***II***, 900 A.2d 378, 381 (Pa. Super. 2006) ("Although the Juvenile Act does not define 'party,' case law from this Court has conferred the status of party to a dependency proceeding on . . . the parents of the juvenile whose dependency status is at issue[.]").

**Rule 1363. Service of Summons**

**A. Method of Service.** The summons shall be served:

(1) in-person; or

(2) by certified mail, return receipt and first-class mail.

**B. Time of Service.**

(1) *Child in custody*. If the child is in protective custody, the summons shall be served no less than seven days prior to the adjudicatory hearing.

(2) *Child not in custody*. If the child is not in protective custody, the summons shall be served no less than fourteen days prior to the adjudicatory hearing.

**C. Proof of service.** Affidavit of service shall be filed prior to the adjudicatory hearing.

**D. Efforts Made to Serve.** In the absence of an affidavit of service under paragraph (C), the serving party shall advise the court of what efforts were made to notify a person. The court may proceed to a hearing upon a showing of reasonable efforts to locate and notify all persons pursuant to Rule 1360.

Pa.R.J.C.P. 1363.

Aside from the provisions requiring that the trial court issue a summons to all parties, the Rules include an additional provision mandating notice of adjudicatory hearings for all parents.

**Rule 1361. Adjudicatory Notice**

The court shall give notice of the adjudicatory hearing to:

(1) the attorney for the county agency;

(2) the child's attorney;

(3) the guardian's attorney;

(4) the parents, child's foster parent, preadoptive parent, or relative providing care for the child;

(5) the county agency;

(6) the court appointed special advocate, if assigned; and

(7) any other persons as directed by the court.

Pa.R.J.C.P. 1361.

Significantly, the May 18, 2018 order is an order of adjudication and disposition. Thus, the May 18, 2018 hearing was both an adjudicatory hearing and a dispositional hearing. The Rules impose additional requirements that parents receive notice of dispositional hearings, as follows.

### Rule 1501. Dispositional Notice

The court or its designee shall give notice of the dispositional hearing to:

(1) all parties;

(2) the attorney for the county agency;

(3) the child's attorney

(4) the guardian's attorney;

(5) the parents, child's foster parent, preadoptive parent, or relative providing care for the child;

(6) the court appointed special advocate, if assigned;

(7) the educational decision maker, if applicable; and

(8) any other persons as directed by the court.

Pa.R.J.C.P. 1501.

After careful review of these provisions, it is clear that the trial court failed to ensure that Mother received adequate notice of the adjudicatory and dispositional hearing in the instant matter. The record contains a summons, notice of hearing, and scheduling order, but neither those documents, nor the trial court docket, indicates that Mother was served prior to the proceedings. Ms. Eisenhour testified that she did not mail the documents to Mother and she did not know if anyone else did either. Notably, the record contains a certificate of service indicating that Ms. Eisenhour served Mother with the documents, along with the dependency petition and amended dependency petition, on May 18, 2018, the same day as the hearing. Because the transcript of the hearing indicates that it began at 10:11 a.m., Mother may not have been served until after the hearing was already over.

While Ms. Eisenhour testified that she notified Mother of the hearing via Facebook Messenger the day before the hearing, notice via Facebook does not comply with our Rules of Juvenile Court Procedure. Rule 1331 required that Mother receive a copy of the dependency petition through either certified and first-class mail or in-person delivery. Moreover, Rules 1360 and 1363 required that the court issue a summons to Mother, again through either certified and first-class mail or in-person delivery. Rule 1363 permits trial courts to proceed with a hearing even if a county agency fails to provide an affidavit of service,

so long as the agency makes a showing of reasonable efforts to locate and notify all persons. In the instant matter, it is clear that CYS did not make reasonable efforts to locate and serve Mother. CYS was well aware of Mother's address, as it appeared on both the shelter care applications and dependency petitions. Thus, nothing prevented CYS from complying with the Rules by mailing Mother the relevant documents or providing them to her in person.

Even assuming that Attorney Lieberman received notice of the hearing, providing notice to Mother's attorney is not the same thing as providing notice to Mother. Rules 1331, 1361, and 1501 require that both the parent and the parent's attorney receive notice separately. The plain language of Rule 1331 requires a copy of the dependency petition be sent to "the child's guardian" and "the guardian's attorney[.]" Pa.R.J.C.P. 1331. Rule 1361 requires that notice be sent to "the guardian's attorney" and "the parents[.]" Pa.R.J.C.P. 1361. Moreover, Rule 1501 requires that notice be sent to "all parties," "the guardian's attorney," and "the parents[.]" Pa.R.J.C.P. 1501. The Comment to Rule 1363 provides further clarification of this issue, explaining, "[p]ursuant to Rule 1360, all parties are to be served a summons. Pursuant to Rule 1361, the attorneys, the parents, child's foster parent, preadoptive parent, and

relative providing care for the child are to receive notice." Pa.R.J.C.P. 1363, Comment.[6]

Based on the foregoing, we conclude that the trial court failed to ensure that Mother received notice of the adjudicatory and dispositional hearing in compliance with the Juvenile Act and our Rules of Juvenile Court Procedure. ***See In the Interest of K.S.***, 159 A.3d 535 (Pa. 2017) (holding that the trial court abused its discretion by conducting an adjudicatory hearing despite CYS's failure to comply strictly with the notice requirements of the Juvenile Act and the Rules of Juvenile Court Procedure). We therefore vacate the May 18, 2018 order and remand for the court to hold a new adjudicatory and dispositional hearing as soon as possible. Prior to the hearing, reasonable efforts must be made to provide Mother with notice in compliance with the authority set forth in this opinion.

---

[6] Generally, the Rules of Juvenile Court Procedure do not require that "orders and court notices" be sent to a parent individually if he or he has counsel. ***See*** Pa.R.J.C.P. 1167(B)(1) ("A copy of any order or court notice shall be served promptly on each party's attorney, and the party, if unrepresented."). However, when interpreting conflicting provisions in the Rules, it is settled law that a specific provision must control over a more general provision. ***See*** 1 Pa.C.S.A. § 1933 ("Whenever a general provision in a statute shall be in conflict with a special provision . . . the special provisions shall prevail[.]"); Pa.R.J.C.P. 1102 (directing that the Rules of Juvenile Court Procedure be construed in consonance with the rules of statutory construction to the extent practicable). We also observe that the comment to Rule 1167 defines "court notices" to include only "communications that ordinarily are issued by a judge or the court administrator concerning, for example, calendaring or scheduling, including proceedings requiring the party's presence." Pa.R.J.C.P. 1167, Comment.

Order vacated. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2018